```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

CHARLES E. RAY,                  §
                                 §
            Plaintiff,           §
                                 §
VS.                              §    CIVIL ACTION H-12-3562
                                 §
KROGER STORE #734 AND KROGER,    §
TEXAS, L.P.,                     §
                                 §
            Defendant.           §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging employment discrimination based on race under Title VII, 42 U.S.C. § 2000e *et seq.*, is *pro se* Plaintiff Charles E. Ray.'s motion for appointment of counsel (instrument #4).

Under 28 U.S.C. § 1915(e)(1), "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir, 1994). A court may appoint counsel in a civil case

-1-

if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor*, 691 F.2d at 212-13. As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney. However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009).

As a threshold matter, Plaintiff, who is still employed by Kroger, has not filed *in forma pauperis* nor provided evidence of indigency. Nor has he made any showing that he would have particular difficulty in investigating and presenting his case. The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel. The issue in the case is not complex, and Plaintiff has adequately explained the nature of his

grievance in his complaint and exhibits (#1 and 2). Accordingly, the Court

ORDERS that Plaintiff's motion for appointment of counsel is DENIED.

**SIGNED** at Houston, Texas, this 15th day of January, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE