```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

CHARLES E. RAY,                   §
                                  §
      Pro Se Plaintiff,           §
                                  §
VS.                               §   CIVIL ACTION H-12-3562
                                  §
KROGER STORE #734 AND KROGER,     §
TEXAS, L.P.,                      §
                                  §
            Defendant.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging employment discrimination based on race under Title VII, 42 U.S.C. § 2000e *et seq.*, are (1) *pro se* Plaintiff Charles E. Ray.'s letter to Judge Stacy (instrument #12), which has been docketed as "motion for extension of time to find counsel," and (2) Defendant Kroger Texas L.P.'s[1] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve Defendant within 120 days as required by Federal Rule of Civil Procedure 4(m).[2]  Because this case is on the undersigned judge's

---

[1] In its motion, Kroger Texas L.P. states that Kroger Store #734 does not exist and that each store in Texas is owned an operated by Kroger Texas L.P., which is not a separate legal entity and which is the proper party here.

[2] Rule 4(m) states in relevant part,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service he made within a specified time for service.  But

docket, this Court, rather than Magistrate Judge Stacy, addresses the issues raised in Plaintiff's letter, which this Court also construes as a limited response to the motion to dismiss.

After filing his Complaint (#1 and 2) on November 15, 2012, Plaintiff failed to serve Defendant within 120 days.  On January 15, 2013, this Court denied his application for appointment of counsel (#4) at government's expense under 28 U.S.C. § 1915(e)(1). #5.  At the initial scheduling conference held on April 9, 2013 at which only Plaintiff appeared because Defendant had not been served, Magistrate Judge Stacy gave Plaintiff until May 30, 2013 to obtain counsel and until June 30, 2013 to effect service on Defendant, and she reset the scheduling conference to August 27, 2013.  On July 29, 2013 Defendant filed its motion to dismiss after Plaintiff failed to effect service by Judge Stacy's deadline.  Plaintiff, however, did finally effect service on Defendant on July 9, 2013, the 236th day after the filing of the complaint as emphasized by Defendant (four weeks after Judge Stacy's extended deadline), as conceded in Defendant's motion (#9 at p. 1) and as evidenced by the return of service of summons (#8).  At the scheduling conference on August 27, 2013 Magistrate Judge Stacy extended the deadline for Plaintiff to respond to the motion to dismiss until September 30, 2013.  Plaintiff filed his letter-

---

if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

response on September 26, 2013.

Defendant urges that the case should be dismissed under Rule 4(m), that Plaintiff also ignored the Magistrate Judge's extended deadline, and that Plaintiff has failed to show good cause for not effecting service within 120 days of the filing of the Complaint. Plaintiff asks that his case not be dismissed because it has merit, and he requests more time to find an attorney.[3]

Although it is apparent that Plaintiff is *pro se* and a layman feeling uncertain about how to proceed in this suit, he has not shown good cause for his extensive delay in effecting service. Nevertheless, the Fifth Circuit has " agree[d] with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996), *citing Espinoza v. U.S.*, 52 F.3d 838, 840 (10th Cir. 1995), and *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995). "If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson*, 91 F.3d at 21. Plaintiff has effected service, Defendant shows no prejudice from the delay, and the Court prefers to address this suit on its merits. Therefore it its discretion the Court

---

[3] Mr Ray is not proceeding as an indigent.

ORDERS that Defendant's motion to dismiss under Rule 12(b)(5) is DENIED.  While Plaintiff  may continue to look for counsel, he has already been given more than enough time to try to do so.  Thus the Court

ORDERS that his motion for extension of time (# 12) is DENIED.  The Court admonishes Plaintiff that he must respond timely as best as he can to any motions filed by Defendant or this case may be dismissed for failure to prosecute and failure to comply with Court orders.

**SIGNED** at Houston, Texas, this  3rd  day of  October , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE