IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES E. RAY, | § |
| | § |
| Pro Se Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION H-12-3562 |
| | § |
| KROGER STORE #734 AND KROGER, | § |
| TEXAS, L.P., | § |
| | § |
| Defendant. | § |

**OPINION AND ORDER OF DISMISSAL**

Pending before the Court in the above referenced cause, alleging employment discrimination based on race under Title VII, 42 U.S.C. § 2000e et seq., is Defendant Kroger Texas L.P.'s[1] motion to dismiss for failure to prosecute (instrument #22).

After filing his Complaint (#1 and 2) on November 15, 2012, pro se Plaintiff Charles E. Ray failed to serve Defendant within 120 days. On January 15, 2013, noting inter alia that Plaintiff is not proceeding in forma pauperis, this Court denied his application for appointment of counsel (#4) at government's expense under 28 U.S.C. § 1915(e)(1). At the initial scheduling conference held on April 9, 2013, at which only Plaintiff appeared because Defendant had never been served, Magistrate Judge Stacy gave Plaintiff until May 30, 2013 to obtain counsel and until June 30, 2013 to effect service on Defendant, and she reset the scheduling conference to

---

[1] Kroger Texas L.P. informed Plaintiff and the Court that Kroger Store #734 does not exist and that each store in Texas is owned an operated by Kroger Texas L.P., which is not a separate legal entity and which is the proper party here.

-1-

August 27, 2013.  On July 29, 2013 Defendant filed its first motion to dismiss after Plaintiff failed to effect service by Judge Stacy's deadline.  Plaintiff, however, did finally effect service on Defendant on July 9, 2013, the 236th day after the filing of the complaint (four weeks after Judge Stacy's extended deadline).

At the scheduling conference on August 27, 2013 Magistrate Judge Stacy extended the deadline for Plaintiff to respond to Defendant's first motion to dismiss (#9) until September 30, 2013. Plaintiff filed a letter-response on September 26, 2013.  On October 3, 2013, finding no prejudice from the delay to Defendant, the Court denied Defendant's first motion to dismiss.  #13.  It also denied Plaintiff's motion for additional time to find an attorney and admonished Plaintiff that he must respond timely as best as he is able to any motions filed by Defendant or this case might be dismissed for failure to prosecute and failure to comply with Court orders.

Defendant's current motion reports that on October 24, 2013, it served Plaintiff with written discovery (#17, Ex. A) and then tried a number of times by telephone and letter to schedule his deposition (#17, Exs. B, C, and D).  Plaintiff never responded, so after further unsuccessful attempts to reach Plaintiff, Defendant moved for a continuance (#15) to allow time for the needed discovery.  Defendant also filed a motion to compel (#17), but Plaintiff failed to respond to the motion.  Magistrate Judge Francis Stacy granted the motion to compel (#19) and warned

Plaintiff that "*regardless of his pro se status any failure to comply with this Order will result in sanctions, including, if appropriate, the dismissal of this case* [emphasis in the original]."

On February 20, 2014 Plaintiff filed a letter requesting the Court to stay the case until March 2015 so that he could save money for a lawyer (#20). Judge Stacy denied the request (#21).

Plaintiff has never responded to any of Defendant's written discovery, nor appeared for a deposition, nor provided dates for deposition. Nor has he submitted a substantive response to any pleadings, discovery or correspondences filed by Defendant.

Finally the Court notes that Plaintiff has not responded to the instant motion to dismiss for want of prosecution.

Federal Rule of Civil Procedure 41(b) allows a court either pursuant to a motion from the defendant or *sua sponte* to dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the Court. *Beard v. Experian Information Solutions, Inc.*, No. 06-10333, 214 Fed. Appx. 459, 462 (5th Cir. Jan. 19, 2007), citing *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)("In order to determine whether the circumstances justified a dismissal for want of prosecution, the reviewing court must examine the procedural history of the case and weigh the power of the trial court to achieve the orderly and expeditious disposition of cases against the policy of law favoring disposition of litigation on the merits."). The Fifth Circuit

allows dismissal of a case for failure to prosecute "'only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Robinson v. Home Depot USA Inc.*, No. 11-20428, 478 Fed. Appx. 820, 823 (5th Cir. May 14, 2012), *citing Berry v. CIGNA/RSI-CIGNA*, 975 F2d. 1188, 1190 (5th Cir. 1992). In most cases where the Fifth Circuit has affirmed such a dismissal with prejudice, it has found "'at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* at 824, *citing Berry*, 975 F.2d at 1191. Here the Court finds all three justify dismissal of this case.

Accordingly, the Court

ORDERS the Defendant's motion to dismiss for failure to prosecute is GRANTED with prejudice.

**SIGNED** at Houston, Texas, this 28th day of April, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE